UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-381-F(2)

| | |
|---|---|
| MILTON W. NOBLES, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| DOROTHEA DIX HOSPITAL, ) | |
| PAMELA GORDON, ) | |
| DIANA YOUNGER, ) | |
| RHONDA WHITAKER, ) | |
| BETTY PAESLER, ) | |
| Defendants. ) | |

This matter is before the court on Defendants' Motion to Dismiss [DE-25]. The *pro se* Plaintiff has filed two responses. Defendants have not filed a reply, and the time for so doing has passed. The motion therefore is ripe for disposition.

## I. PROCEDURAL BACKGROUND

The *pro se* Plaintiff John W. Nobles ("Nobles"), a Forensic Health Care Technician I at Dorothea Dix Hospital, initiated this action by filing an Application to Proceed Without Prepayment of Fees and Affidavit [DE-1] on September 27, 2007. Nobles attached his Complaint to the Application. *See id.* In the Complaint, Nobles listed Dorothea Dix Hospital as the Defendant in the caption, but in the body of Complaint, listed the Defendants as Pamela Gordon, Diana Younger, Rhonda Whitaker, and Dorothea Dix Hospital. *See* Compl. [DE-4]. Nobles alleges that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") by failing to promote him, and demoting him, on the basis of his race and sex. Nobles alleges that the discriminatory acts occurred on "5-27-2007, 1-31-2007, 10-26-2007, 4-18-2007." *Id.* ¶ 8.

On October 3, 2007, Nobles filed a document [DE-2] wherein he asked to add Betty Paesler and Dorothea Dix Hospital "to this charge." October 3, 2007 Motion [DE-2]. On October 11, 2007, Magistrate Judge David W. Daniel allowed Nobles Application to Proceed Without Prepayment of Fees [DE-1], and directed the Clerk of Court to file the Complaint. The Clerk of Court submitted Nobles' October 3, 2007 Motion [DE-2] to the undersigned, which the court construed as a Motion to Add a Party. The court observed that because Defendants had not yet filed a responsive pleading, Nobles could amend his Complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and allowed Nobles' motion. October 12, 2007 Order [DE-5]. Nobles filed his Amended Complaint [DE-6] on October 24, 2007.

In the Amended Complaint, Nobles names the following individuals and entities as Defendants: State of North Carolina, Dorothea Dix Hospital, Pamela Gordon, Diana Younger, Rhonda Whitaker and Betty Paesler. Amended Compl. [DE-6] ¶ 2. Nobles again alleges that Defendants violated Title VII by failing to promote him, but also alleges that Defendants demoted him, took money out of his pay, and "took me off the overtime listed, without asking or explaning[sic] things to me." Amended Compl. [DE-6] ¶ 4. Nobles alleges that the discriminatory acts occurred on "5-27-2007, 1-31-2007, 10-26-2006, 4-18-2007, and 10-17-2006." Amended Compl. [DE-6] ¶ 8.

On December 10, 2007, Defendants filed the instant Motion to Dismiss [DE-25] pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure. Defendants argue that the entire Amended Complaint should be dismissed because the lawsuit is untimely. Defendants also argue that Nobles' claims against Pamela Gordon, Diana Younger, Rhonda Whitaker and

2

Betty Paesler should be dismissed because they are not employers under Title VII. Finally, Defendants contend that to the extent that Amended Complaint includes allegations not included in the charges filed with the Equal Employment Opportunity Commission, such allegations and claims must be dismissed.

## II. STANDARD OF REVIEW

With regard to Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Fourth Circuit has summarized the applicable legal standards:

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.; Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta, supra*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta, supra*, 813 F.2d at 1558.

*Richmond, Fredericksburg, & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The court is " 'not so bound with respect to [the complaint's] legal conclusions.' " *Self v. Norfolk Southern* Corp., No. 07-1242, 2008 WL 410284, slip. op. at 1 (4th Cir. Feb. 13, 2008) (per curiam)(quoting *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). The complaint need only contain

3

a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). If a claim has been adequately stated in the complaint, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1969 (2007).

Dismissal, however, is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). *See generally* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate). Furthermore, in considering a motion to dismiss, a court may take judicial notice of matters of public record, and consider documents attached to the complaint and the motion to dismiss, so long as the documents are integral to the complaint and authentic. *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Finally, a federal court may dismiss an action pursuant to Rule 12(b)(2) if the court lacks personal jurisdiction over non-resident defendants. When the court decides a motion to dismiss for lack of jurisdiction solely on the basis of the motions, legal memoranda, and affidavits submitted to the court, the plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When considering a jurisdictional challenge, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

4

## III. ANALYSIS

### A. Filing of Complaint

Defendants argue that Nobles' Amended Complaint must be dismissed because it was not filed within the 90 day statutory time period mandated by Title VII. *See* 42 U.S.C. § 2000e-5(f)(1). Section 2000e-5(f)(1) provides that plaintiffs must file a complaint in court within 90 days of receiving notice of the final decision by the Equal Employment Opportunity Commission ("EEOC"). A plaintiff who fails to file a complaint within the 90-day statutory time period generally forfeits his right to pursue his claim. *See, e.g., Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-51 (1984).

In this case, Nobles has attached to the Amended Complaint two Dismissal and Notice of Right documents issued by the EEOC. Both letters are dated June 29, 2007. *See* Amended Compl. [DE-6], Attach. 1 (Dismissal and Notice of Rights for EEOC Charge No. 14B-2005-00042), Attach. 2 (Dismissal and Notice for Rights for EEOC Charge No. 14B-2005-000044). In absence of evidence to the contrary, a court presumes that a plaintiff received a Notice of Rights letter three days after it was mailed by the EEOC. *See, e.g., Taylor v. Potter*, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005). In this case, the court presumes that Nobles received the Notice letters on July 2, 2007. Consequently, he had until October 1, 2007, to file a complaint in this court.

The court concludes that Nobles timely complied with the requirements of Section 2000e-5(f)(1). A review of the docket sheet in this action shows that Noble submitted his Complaint, along with the Application to Proceed Without Prepayment of Fees, on September 27, 2007. *See* Application [DE-1]. The court finds that the filing of the Application, along with the copy of the Complaint, effectively commenced this action within the 90-day time period as required by 42

5

U.S.C. § 2000e-15(f)(1). The court is aware that Federal Rule of Civil Procedure 3, however, provides that "[a] civil action is commenced by filing a complaint with the court." Thus, to the extent that the Application did not commence the action, the court concludes that the filing of the Application within the 90-day time period equitably tolls the 90-day filing period. *See Zipes v. Transworld Airlines, Inc.*, 445 U.S. 385, 398 (1982)(holding that compliance with Title VII filing period is not a jurisdictional requirement and is subject to waiver or tolling when equity requires). *See also Ish v. Arlington County Virginia*, No. 90-2433, 1994 WL 180127, at * 1 (4th Cir. Nov. 21, 1990)(per curiam)(affirming district court's equitable tolling of the 90-day period to exclude any time after plaintiff filed motion to proceed in forma pauperis); *Yelverton v. Blue Bell, Inc.* 530 F.Supp. 701, 701-02 (E.D.N.C. 1982)(concluding that plaintiff's complaint was not time-barred where she filed an application to proceed in forma pauperis within the statutory time period). Thus, to the extent that Defendants ask that the Amended Complaint be dismissed as untimely, the motion is DENIED.

## B. Scope of Amended Complaint vs. Administrative Charges

Although Nobles' Complaint was timely filed, the court must still dismiss his claims because he complains exclusively of acts that are outside the scope of the administrative charges, and thus, he has failed to exhaust administrative remedies with regard to the allegations in the Amended Complaint.

### 1. Exhaustion of Administrative Remedies

Before filing a suit under Title VII, an aggrieved party must exhaust the administrative remedies set forth in 42 U.S.C. §§ 2000e-5(b) and 2000e-5(c) by filing a charge with the EEOC or an appropriate state agency. *See Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 137 (4th

6

Cir. 1995). The aggrieved party may invoke the jurisdiction of a federal district court only after the EEOC has notified the party of its decision to dismiss or its inability to bring a civil action within the requisite time period. *See id.* at 137-38.

Even after an aggrieved party has exhausted the administrative remedies, the allegations contained in the EEOC charge "generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). When an aggrieved party initiates a civil lawsuit following an EEOC charge, the jurisdiction of the federal court is limited to "those claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* at 963. That is, " the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Consequently, a "plaintiff's claim will be barred if his charge alleges discrimination on one basis–such as race–and he introduces another basis in formal litigation–such as sex." *Id.* Administrative charges, however, are typically not drafted by persons educated in the law, and thus courts are to construe them liberally. *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988).

Based on this legal standard, the court first must determine the scope of Nobles' administrative charges, and then determine whether, in the Amended Complaint, he has alleged any additional matters outside the scope of the administrative charges. If Nobles has alleged additional matters outside the scope of administrative charges, the court must determine whether those claims are reasonably related to the administrative charges or would be developed by a reasonable investigation of the charges.

7

## 2. Administrative Charges

Defendants attach two administrative charges filed by Nobles with the North Carolina Office of Administrative Hearings, Civil Rights Division ("OAH/CRD"). The first charge, whish was assigned Charge Number 14BA500042, was filed by Nobles on or about June 30, 2005. Mot. to Dismiss [DE-25], Ex. 1 (Charge #1). Therein, Nobles complained of race discrimination and retaliation. *Id.* He alleged that the first act of discrimination occurred on August 12, 2004, and selected a box marked "continuing action." *Id.* He specifically complained about receiving a documented counseling on April 1, 2005, from Defendant Rhonda Whitaker; being reassigned to third shift on April 16, 2005; receiving another documented counseling from Defendant Whitaker on April 16, 2005; receiving a low rating from Defendant Whitaker on a work plan on May 27, 2005, receiving a written warning on June 23, 2005, after filing a complaint of race discrimination on May 16, 2005, and being informed on June 23, 2005 by Whitaker that he would be rotated to another division as part of a cross-training program. *Id.*

The second charge, which was assigned Charge Number 14BA500044, was filed by Nobles with the OAH/CRD on or about July 6, 2005. *See* Mot. to Dismiss [DE-26], Ex. 2 (Charge #2). Nobles alleged in Charge #2 that he was retaliated against for filing grievances, beginning on August 12, 2004, and continuing until July 1, 2005. *Id.* As in Charge #1, he indicated his complaints concerned "continuing action." He specifically complained that he was informed on July 1, 2005, by Whitaker and Betty Paesler, that he would have to remain on "third shift" duties through August 31, 2005. *Id.*

Thus, the court concludes that in Charge #1 and Charge #2, Nobles complained of race discrimination and retaliation with regard to being reassigned to another division, being assigned to

8

third-shift, and receiving warnings, counseling, and a low rating. The court must now examine whether there are additional allegations in the Amended Complaint that go beyond the matters in the administrative charges.

### 3. Allegations in the Amended Complaint

In the Amended Complaint, Nobles alleges that he was discriminated against on the basis of his race, black, and his sex, male. Amended Compl. [DE-6] ¶ 6. He does not mention retaliation. He also does not complain of being reassigned, or receiving written warnings and counseling. Instead, he alleges that he was "[n]ot promoted, [and] [d]emoted," and that Defendants "[t]ook money out of [his] pay," and "[t]ook [him] off the overtime listed, with out[sic] asking or explaning[sic] things to me." Amended Compl. [DE-6] ¶ 4. Nobles alleges that these discriminatory acts occurred on or about October 17, 2006, October 26, 2006, January 31, 2007, April 18, 2007, and May 27, 2007. Amended Compl [DE-6] ¶ 8.

The court finds that the allegations in the Amended Complaint, other than being based on alleged race discrimination, are outside the scope of the administrative charges. Nobles complains of totally different discriminatory acts–not being promoted, being demoted, losing pay, and being removed from an overtime list–than he does in the administrative charges. Furthermore, all of the alleged acts in the Amended Complaint occurred more than a year after he filed the administrative charges. Nobles also proffers another basis for the discrimination–sex–that was not alleged in the administrative charges. Finally, although two of the individually named Defendants in the Amended Complaint, Whitaker and Paesler, are named in the charges, Defendants Diana Younger and Pamela Gordon are not mentioned at all in the charges. Thus, the issue becomes whether these new

9

allegations are reasonably related to the administrative charges, or would have been developed by a reasonable investigation thereof.

After construing the administrative charges liberally, as this court must, the court cannot conclude that the allegations in the Amended Complaint are reasonably related to the charges filed with the OAH, or would have been developed by a reasonable investigation thereof. In the Amended Complaint, Nobles references separate time frames, varying actors, completely discrete acts, and even varying bases of discrimination from the allegations set forth in the administrative charges. In *Chacko*, the Fourth Circuit Court of Appeals held that "a plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko*, 429 F.3d at 506. As in *Chacko*, the factual allegations in the Amended Complaint in this case do not "correspond to those set forth in the administrative charge." *Id.* at 509.

Indeed, Nobles does not appear to make *any* allegations in the Amended Complaint regarding the acts he complained about in the administrative charges. Because the Amended Complaint complains exclusively of acts that are outside the scope of the administrative charges, it must be dismissed for failure to exhaust administrative remedies. Defendants' Motion [DE-25] is ALLOWED.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [DE-25] is ALLOWED, and the Amended Complaint [DE-6] is DISMISSED.

SO ORDERED. This the 12 day of May, 2008.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge